IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


IVAN W. THOMPSON,

           Petitioner,


    vs.                        Civil Action 2:10-CV-40
                                      Judge Sargus
                                      Magistrate Judge King

WARDEN ROSS CORRECTIONAL
INSTITUTION,

           Respondent.


<u>OPINION AND ORDER</u>

        In this habeas corpus action under 28 U.S.C. §2254, petitioner challenges his conviction for burglary in the Ross County, Ohio, Court of Common Pleas. The respondent has filed a motion to dismiss, arguing that petitioner has failed to exhaust his state court remedies. Doc. No. 15. Petitioner opposes that motion to dismiss, which remains pending. Doc. No. 16. This matter is now before the Court on petitioner's motion for release on bond. Doc. No. 17.

        There does exist authority for the release on bail of state prisoners pending the disposition of their habeas corpus petitions. *See Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978). *See also Johnson v. Marsh*, 227 F.2d 528 (3d Cir. 1955); *United States ex rel. Epton v. Nenna*, 281 F.Supp. 388 (S.D.N.Y. 1968). Militating against the grant of a stay under these circumstances are, of course, the absence of any presumption of innocence as well as the extraordinarily sensitive relationship between the federal courts and the state criminal justice

system.  The decision to stay the execution of a sentence imposed by a state court will arise only in "the very unusual case. . . ."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."

*Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964)(Douglas, J., in chambers).

In this case, respondent has raised serious issues of exhaustion of state court remedies. Moreover, petitioner's claim of deterioration of his mental condition, for which he receives medication while incarcerated, is not, in the view of this Court, the sort of exceptional circumstance that would warrant the extraordinary relief sought by petitioner.

**WHEREUPON,** the Court determines that the petitioner's motion for release on bond, Doc. No. 17, is without merit and it is therefore **DENIED.**

9-20-2010
_____
Date

_____
Edmund A. Sargus, Jr.
United States District Judge

2