IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN W. THOMPSON,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:10-CV-00040
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On January 20, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's motion to dismiss (Doc. 15) be granted and that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice as unexhausted. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 24) are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss (Doc. 15) is **GRANTED.** This action is hereby **DISMISSED** without prejudice as unexhausted.

Currently pending in the Ohio Court of Appeals is Petitioner's direct appeal of the trial court's October 20, 2009 *nunc pro tunc* judgment entry. The parties have submitted appellate briefs and are awaiting a decision in that proceeding. *Status Report,* Doc. 22.

Petitioner nevertheless argues that he had previously exhausted his claims of ineffective assistance of appellate counsel by filing a direct appeal from the trial court's original judgment. He argues that he has exhausted his remaining claims. (*i.e.,* denial of due process and equal protection based on the trial court's delay in issuing an appropriate judgment of conviction and actual innocence), by pursuing state habeas corpus relief. Additionally, Petitioner argues that he was unable to exhaust

state court remedies because of the trial court's failure to issue a timely judgment of conviction.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court is not persuaded by Petitioner's arguments. The record reflects that, on April 29, 2008, after a jury trial, the Ross County Court of Common Pleas entered a judgment of conviction on a charge of burglary. On May 20, 2008, the trial court issued its judgment of sentence. Petitioner filed a timely appeal and, on May 11, 2009, the Ohio Fourth District Court of Appeals affirmed Petitioner's conviction. Petitioner never filed an appeal to the Ohio Supreme Court. He did attempt to file an application to reopen his appeal pursuant to Ohio's Appellate Rule 26(B); however, his filings were denied for technical deficiencies. Again, Petitioner did not appeal those denials. Petitioner filed a motion in the state trial court challenging that court's judgments of conviction and sentence as void for failure to comply with *State v. Baker*, 119 Ohio St.3d 197 (2008). The trial court agreed and, on October 20, 2009, the trial court issued a *nunc pro tunc* judgment. It is from that judgment that Petitioner's current appeal was taken. Because that appeal remains pending, it cannot be said that Petitioner has exhausted all of his claims.

The Court also agrees that dismissal of this action, rather than a stay of the action, is appropriate. Because Petitioner's conviction, based on the *nunc pro tunc* judgment, is not yet final, it does not appear that the statute of limitations will prevent Petitioner from filing a new habeas corpus petition upon completion of his current appeal. Thus, a stay of these proceedings is not appropriate under *Rhines v. Weber,* 544 U.S. 269 (2005). Should it appear, following complete exhaustion of Petitioner's current appeal, that it does, this Court expresses its willingness to entertain a request to re-open this action, assuming that Petitioner does not otherwise unduly delay his return to this Court. Moreover, this Court expresses no opinion as to the effect in any future habeas corpus proceeding of

2

Petitioner's failure to pursue a direct appeal to the Ohio Supreme Court from the state appellate court's May 11, 2009, dismissal of his appeal.

Whereupon, Petitioner's objections are **OVERRULED.**

Petitioner has also asked that this Court issue a certificate of appealability. Where a court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

The Court is not persuaded that reasonable jurists would debate whether this Court appropriately dismissed Petitioner's habeas corpus petition as unexhausted. Therefore, Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner's objections (Doc. 24) are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss (Doc. 15) is **GRANTED**. This action is hereby **DISMISSED** without prejudice as unexhausted.

**The Clerk shall enter FINAL JUDGMENT in this action.**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

DATE: 2-2-2011