IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IVAN W. THOMPSON,**

    Petitioner,                             **CASE NO. 2:10-CV-00040**
                                                **JUDGE SARGUS**
v.                                         **MAGISTRATE JUDGE KING**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    Respondent.

ORDER and
REPORT AND RECOMMENDATION

Petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] This matter is before the Court on the petition, respondent's motion to dismiss, petitioner's response, and the exhibits of the parties.  Petitioner's request to amend the petition to include a new claim of insufficiency of evidence, Doc. 34, is **GRANTED**.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.  Alternatively, Petitioner may withdraw his unexhausted claim and proceed on his remaining exhausted claims by notifying the Court within fourteen (14) days.

**FACTS and PROCEDURAL HISTORY**

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> A Ross County grand jury indicted Thompson on one count of burglary, in violation of R.C. 2911.12(A)(2). After Thompson pled not guilty, a jury trial produced the following evidence.

---

[1] Petitioner has apparently been released from incarceration, but is on parole under supervision of the Ohio Adult Parole Authority.  *See Notice of Change of Address*, Doc. 34.

> Dearth became acquainted with Thompson and his girlfriend in July 2007. While Dearth occasionally invited them into his home, they never had permission to enter in his absence. In December 2007, Dearth came home late at night to find Thompson in his kitchen. Someone had kicked in the side entrance to the home and tipped over the dresser blocking the door. After Dearth discovered Thompson in the process of heating a piece of lasagna in the microwave, he called the police. To keep Thompson in the house until they arrived, Dearth told Thompson that he needed a police report to show his landlord so that he would not lose his deposit when the landlord fixed the door. Dearth also told Thompson that he would lie to police and say that he and Thompson arrived at the home together and found the broken door.
>
> While they waited for the police, Dearth told Thompson he could eat the lasagna. As Thompson ate, Dearth noticed that the medications he kept on the dresser that had blocked the door were missing. Dearth told Thompson he wanted them back. Thompson removed the drugs from his coat pocket and placed them on Dearth's coffee table. After the police arrived, Dearth met them outside to explain the situation, and they arrested Thompson.
>
> A jury found Thompson guilty of the burglary charge.

*State v. Thompson,* No. 08CA3032, 2009 WL 638520, at *1 (Ohio App. 4th Dist. March 11, 2009).

On May 14, 2008, in a judgment entry filed on May 20, 2008, the trial court imposed a sentence of four years incarceration. *Exhibit 4 to Motion to Dismiss*. Petitioner filed a timely appeal, in which he asserted the following assignments of error:

> 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO GRANT A MISTRIAL AS A RESULT OF IMPROPER AND PREJUDICIAL TESTIMONY.
>
> 2. THE TRIAL COURT ERRED AND THEREBY DEPRIVED DEFENDANT-APPELLANT OF DUE PROCESS OF LAW BY ACCEPTING THE JURY'S GUILTY VERDICT, AS THE PROSECUTOR FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF THE OFFENSE OF BURGLARY.

*See id.*, at *2.  On March 11, 2009, the appellate court affirmed the trial court's judgment.  *Id*. Petitioner apparently never filed an appeal to the Ohio Supreme Court.

On March 19, 2009, petitioner filed a *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26(b), in which he asserted that he had been denied the effective assistance of appellate counsel based on his attorney's failure to raise on appeal the following assignment of error:

> The trial court erred when it entered judgment of conviction and sentence for a greater degree offense of burglary than the verdict of the jury was returned for.  In violation of the U.S. Constitution Amendments 6 and 14.

*Exhibit 13 to Motion to Dismiss* [sic].  On March 24, 2009, the appellate court denied petitioner's Rule 26(B) application for failing to include a proper certificate of service.  *Exhibit 14 to Motion to Dismiss*.  Petitioner filed a second Rule 26(B) application; however on June 9, 2009, the appellate court denied this application because it did not include a sworn statement.  *Exhibit 17 to Motion to Dismiss*.  Petitioner did not file an appeal from that decision.

Petitioner also pursued various post conviction actions.  On August 13 and September 1, 2008, he filed motions "for appropriate relief and reconsideration," in which he asserted that the sentencing judgment was void because it failed to indicate that Petitioner had been found guilty by a jury. *Exhibits 34, 35 to Motion to Dismiss*. On October 20, 2009, the trial court filed a *nunc pro tunc* judgment entry of conviction. *Exhibits 18, 19 to Motion to Dismiss*.  Petitioner filed two notices of appeal from that *nunc pro tunc* entry of sentence.  *Exhibits 22, 23 to Motion to Dismiss*.  Through counsel, on July 2, 2010, Petitioner asserted that his burglary conviction was invalid under *State v. Pelfrey*, 112 Ohio St.3d 422 (2007).  *Exhibit A to Return of Writ*.  On December 5, 2011, the appellate court denied this claim as barred by *res judicata*, and dismissed the appeal.  *Exhibit B to*

*Return of Writ*. It does not appear that Petitioner filed an appeal to the Ohio Supreme Court from that decision.

On October 21, 2009, Petitioner filed a petition for a writ of habeas corpus with the Ohio Supreme Court. On December 2, 2009, the Ohio Supreme Court dismissed that petition. *Exhibits 24, 25 to Motion to Dismiss*. On January 29, 2010, Petitioner filed a petition for a writ of habeas corpus in the Ohio Fourth District Court of Appeals. *Exhibit 28 to Motion to Dismiss*. On March 1, 2010, that court dismissed the habeas corpus petition for failure to submit a verified cashier statement. *Exhibit 29 to Motion to Dismiss.*

On January 19, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution based upon the following grounds:

> 1. Appellate counsel in Case No. 08-CA-3032, provided ineffective assistance, for failing to provide defendant with a meaningful and valid and expedi[ent] appeal. And failure to object to the delay in a valid and final conviction and sentence.
>
> Under Ohio law, an order entered without jurisdiction is void. A void judgment is necessarily not a final and appealable order.
>
> 2. Appellate counsel in Case No. 08-CA-3032 was ineffective for failing to argue deficient verdict form, conviction and sentence. And constructive amendment of the indictment.
>
> 3. Delay in judgment of conviction, sentencing and valid appeal violates due process and equal protection. Moreover a void order authorizing continued involuntary imprisonment violates due process and equal protection.
>
> 4. Defendant is actually innocent of the sentence imposed. The State failed to require the jury to be specific with their findings. This resulted in a default judgment, *See*, O.R.C. §2945.75(A)(2).

4

On February 2, 2011, this Court dismissed the petition, without prejudice, as unexhausted. Docs. 26, 27. On December 7, 2011, the Court granted Petitioner's request to reopen his habeas corpus petition. Doc. 33. Petitioner subsequently filed a motion to amend his petition to include a claim that the evidence was constitutionally insufficient to sustain his burglary conviction (claim five). *See Motion to file a Supplemental Error*, Doc. 34. Respondent opposes Petitioner's request for leave to assert that additional claim. *Response in Opposition,* Doc. 36. It is the position of the Respondent that all of Petitioner's claims are either procedurally defaulted or without merit.

## MOTION TO AMEND

Respondent opposes Petitioner's motion to amend the petition to include a new claim of insufficiency of the evidence. Respondent specifically argues that this Court has already permitted Petitioner to supplement his assignments of error and, moreover, that the proposed new claim is unexhausted. This Court is not persuaded that these arguments warrant the denial of Petitioner's request. Petitioner's motion to amend the petition to assert a new claim of insufficiency of the evidence, Doc. 34, is therefore **GRANTED**.

Respondent correctly notes, however, that Petitioner failed to present a claim of insufficiency of the evidence to the Ohio Supreme Court. He may still do so pursuant to Ohio Supreme Court Rule of Practice 2.2(A)(4)(providing for the filing of a delayed appeal). Thus, with the addition of this new claim, the action, the action is not fully exhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a

5

constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Ordinarily, a habeas corpus case that presents even one unexhausted claim must be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a dismissal is without prejudice to the refiling of the action once all claims have been exhausted. However, recognizing that the statute of limitations may preclude such refiling, the United States Supreme Court has held that a federal court may stay an action pending exhaustion of all claims where the petitioner can establish both good cause for failing to exhaust and a potentially meritorious claim. *Rhines v. Weber*, 544 U.S. 269 (2005).

Assuming, *arguendo*, that the one-year statute of limitations may bar Petitioner from re-filing his habeas corpus petition upon exhaustion of state court remedies, the record nonetheless fails to warrant a stay of proceedings. Petitioner has offered no explanation for his failure to file an appeal in the Ohio Supreme Court on his new claim. Moreover, the record does not suggest that Petitioner's claim of insufficiency of the evidence is potentially meritorious. The Ohio Court of Appeals has already rejected this claim. Additionally, it appears unlikely that the Ohio Supreme Court will grant Petitioner's motion for a delayed appeal. *See Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010)("[When a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.'")(citing *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**, without prejudice, as unexhausted. Alternatively, Petitioner may withdraw his unexhausted claim and proceed on his remaining exhausted claims by notifying the Court within fourteen (14) days.

Petitioner's request to amend the petition, Doc. 34, is **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                              *s/ Norah McCann King*
                                              Norah McCann King
                                              United States Magistrate Judge

January 18, 2012