IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN W. THOMPSON,

        Petitioner,

        v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

        Respondent.

CASE NO. 2:10-CV-00040
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On January 18, 2012, the Magistrate Judge granted Petitioner's request to add an additional claim for relief based on insufficiency of the evidence but recommended that the action be dismissed without prejudice as unexhausted. *Order and Report and Recommendation,* Doc. No. 38. Petitioner has filed objections to that recommendation. *Objection,* Doc. No. 44. Petitioner also requests a certificate of appealability on the issue of whether he has exhausted his new claim of insufficiency of the evidence. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

Petitioner's request to withdraw his unexhausted claim of insufficiency of the evidence is **GRANTED**. However, because Petitioner's remaining habeas corpus claims are either waived or without merit, the action will be **DISMISSED**..

Petitioner's request for a certificate of appealability is also **DENIED.**

### OBJECTIONS

Petitioner objects to the Magistrate Judge's recommendation that the action be dismissed because his new claim of insufficiency of the evidence is unexhausted. He argues that to require him to present that claim to the Ohio Supreme Court would be futile because he did not present that

precise claim to the Ohio Court of Appeals. He also complains that the Ohio Court of Appeals failed to provide him timely notification of his final judgment of conviction and contends that he had no "standing" to raise his claims on direct appeal because his final judgment entry of conviction and sentence were invalid under Ohio law.[1] For all these reasons, Petitioner argues that his claims may properly be considered by this Court *See Objection*. Pursuant to 28 U.S.C. § 636(b), this Court will conduct a *de novo* review of the record.

Petitioner has never filed an appeal with the Ohio Supreme Court. In concluding that the new claim of insufficiency of the evidence is unexhausted, the Magistrate Judge reasoned that Petitioner could yet file a delayed appeal to the Ohio Supreme Court. *Report and Recommendation*, at 5. Petitioner now argues that the Ohio Supreme Court would not consider this new claim because this particular claim was never presented to the Ohio Court of Appeals.[2] Even accepting Petitioner's argument in this regard, however, the new claim of insufficiency of the evidence would be procedurally defaulted because, under Ohio's doctrine of *res judicata,* Petitioner cannot now present this new claim – which would have appeared on the face of the record – to the Ohio Court of Appeals. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).

As cause for his procedural default, Petitioner asserts that he was prevented from properly raising this claim in the state appellate court because the final judgment entry of conviction was invalid and violative of due process and equal protection under Ohio law. The Court is not

---

[1] On October 20, 2009 and in response to Petitioner's motions, the state trial court issued a *nunc pro tunc* judgment entry of sentence. *See Exhibit 18 to Return of Writ*.

[2] Petitioner did present a claim of insufficiency of the evidence to the Ohio Court of Appeals, but that claim was based on slightly different facts and theory.

2

persuaded by this argument. Petitioner pursued his first appeal of right with the assistance of counsel. Nothing prevented him from raising all of his available claims in the Ohio Court of Appeals during that process. Any alleged ineffectiveness on the part of Petitioner's appellate counsel cannot serve as cause for Petitioner's procedural default in failing to present this new claim because Petitioner has never presented to the Ohio courts a claim based on alleged ineffectiveness of appellate counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). The record therefore does not reflect good cause for Petitioner's failure to exhaust his state court remedies in connection with this new claim of insufficiency of the evidence. Moreover, it does not appear that the unexhausted claim is so meritorious[3] so as to warrant a stay of these proceedings pending exhaustion of that claim. *See Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner's objection to the recommendation that the action be dismissed, Doc. No. 44, is **OVERRULED**.

Alternatively, Petitioner asks to withdraw the new claim of insufficiency of the evidence and to proceed on his remaining, exhausted, claims. *See Objections*. Petitioner's request in this regard is **GRANTED**.

## EXHAUSTED HABEAS CORPUS CLAIMS

The facts and procedural history of this case are detailed in the Magistrate Judge's *Order and Report and Recommendation,* Doc. No. 38, and will not be repeated here. Petitioner was convicted in connection with a home burglary following a jury trial in the Ross County Court of Common

---

[3] Petitioner argues that the evidence was constitutionally insufficient to sustain his burglary conviction because he had a "privilege," or permission, to enter the home of the alleged victim. The factual findings of the state appellate court indicate, however, that the alleged victim found Petitioner sitting in his kitchen, with the side door of the home kicked in and a dresser blocking the front door upended. The appellate court specifically found, "Thompson did not have permission to enter the home." *State v. Thompson*, No. 08CA3032, 2009 WL 638520, at *5 (Ohio App. 4th Dist. March 11, 2009).

3

Pleas. In a May 20, 2008, judgment entry, the trial court sentenced Petitioner to four years incarceration. The Ohio Fourth District Court of Appeals affirmed the judgment of the trial court. *State v. Thompson*, 2009 WL 638520. Petitioner did not file an appeal to the Ohio Supreme Court. He twice attempted to file an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B), but the appellate court dismissed those filings for failure to comply with the Ohio rules governing such proceedings. Petitioner also pursued, without success, various post conviction proceedings.

Petitioner claims before this Court that he was denied the effective assistance of appellate counsel (claims one and two) and was denied due process and equal protection because of a delay in the issuance of a valid final judgment entry of conviction (claim three); he also claims that he is actually innocent (claim four).

It is the position of the Respondent that these claims are procedurally defaulted and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of

4

federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

In claims one and two, Petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to provide him with a meaningful, valid and expedient appeal, failed to object to the trial court's delay in the issuance of a valid final judgment entry of conviction and sentence, failed to argue that the verdict form, conviction and sentence were deficient, and failed to raise an issue regarding constructive amendment of the indictment. In Ohio, claims of ineffective assistance of appellate counsel can be raised in an application to reopen an

5

appeal pursuant to Ohio Rule 26(B). However, Petitioner failed to comply with the rules and procedures governing Rule 26(B) applications. The state appellate court denied his Rule 26(B) application for lack of proper proof of service as required by Ohio Appellate rule 13(D), and for failing to include a sworn statement as required by Ohio Appellate rule 26(B)(2)(d). *See Exhibits 14, 17 to Motion to Dismiss*. Moreover, Petitioner failed to raise all of these claims of ineffective assistance of appellate counsel in the Ohio Court of Appeals: he alleged in his Rule 26(B) application only that he had been denied the effective assistance of appellate counsel based on his attorney's failure to raise a claim that the trial court erred by entering a judgment of conviction and sentence for a greater degree offense of burglary than provided for by the jury's verdict. *See Exhibit 13 to Motion to Dismiss*. Further, Petitioner failed to appeal the appellate court's dismissal of his Rule 26(B) filings to the Ohio Supreme Court, and Ohio does not permit delayed appeals in Rule 26(B) proceedings. *See* Ohio S.Ct. R. Rule 2.2(A)(4)(C). Petitioner has therefore waived his claims of ineffective assistance of appellate counsel for review in these proceedings.

In claim three, Petitioner alleges that he was denied due process and equal protection based on a delay in the issuance of a valid final judgment of conviction and based on an allegedly void order "authorizing continued involuntary imprisonment." *See Petition*. In claim four, Petitioner alleges that he is actually innocent because the "State failed to require the jury to be specific with their findings." *See id.* This Court concludes that Petitioner waived these claims when he failed to raise them on direct appeal. Moreover, Petitioner may now no longer appeal these claims because of Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16; *State v. Perry*, 10 Ohio St.2d at 175.

Furthermore, Petitioner did not preserve these claims for review in these proceedings by

6

attempting to file a second appeal, or by pursuing state habeas corpus petitions in the Ohio Supreme Court and the Ohio Court of Appeals. In presenting claims to the state courts, a habeas petitioner must comply with state procedural rules and must present the claims in a manner that will permit review of the claims on the merits. *See Wright v. Lazaroff*, 643 F.Supp.2d 971, 986 (S.D. Ohio 2009)(citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim will be waived if a petitioner fails to raise the claim in the Ohio Supreme Court after raising the claim in the Ohio Court of Appeals, or if the petitioner fails entirely to present the claim in the first appeal as of right. *See Wright v. Lazaroff*, 643 F.Supp.2d at 830, 832 (claim not preserved for review by presenting it in first instance in post conviction proceedings)(citations omitted).

The time limits for filing appeals, and the requirement that all claims be raised at the first opportunity to do so, serve the State's interests in adjudicating claims or correcting errors at the first opportunity and in finality of judgments. Additionally, the United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata*, *i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third

part of the *Maupin* test has therefore been met.

Petitioner may still obtain review of his claims on the merits if he establishes cause for his procedural defaults, as well as actual prejudice from the alleged constitutional violations.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). As noted *supra,* the ineffective assistance of counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. at 451 (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). However, the ineffective assistance of counsel cannot constitute cause where there was no constitutional right to counsel in the proceeding in question. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *Cf. Martinez v. Ryan,* – U.S. –, 2012 WL 912950 (March 20, 2012)(inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). There is no constitutional right to counsel in a direct appeal to the Ohio Supreme Court. *See Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 425 (6th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991).

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. The record fails to reflect such circumstances here.

8

### REQUEST FOR CERTIFICATE OF APPEALABILITY

Where, as here, a claim has been dismissed on procedural grounds, a certificate of appealabiilty shall issue where jurists of reason would find it debatable whether the Court was correct in its procedural ruling that petitioner waived his claims of error, and whether petitioner has stated a viable constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Both of these showings must be made before a court of appeals will entertain the appeal. *Id.* This Court is not persuaded that Petitioner has met this standard here.

**WHEREUPON,** Petitioner's *Objection* to the *Report and Recommendation*, Doc. No. 44, **OVERRULED**. Petitioner's request to withdraw his unexhausted claim of insufficiency of the evidence and proceed on his remaining, exhausted, claims is **GRANTED**. The *Report and Recommendation,* Doc. No. 38, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this case.

Petitioner's request for a certificate of appealability, *see* Doc. No. 44, is **DENIED**.

5-3-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

9